IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL R. FAGAN,**
        **Plaintiff,**

    v.                        CASE NO. 10-3063-SAC

**ROGER WERHOLTZ,**
        **Defendant.**

**O R D E R**

This matter is before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, submitted by a prisoner while confined in the Sedgwick County Adult Detention Center in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

*Motion for In Forma Pauperis Status*, *28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding

the date of filing of a civil action. Having examined the limited financial records provided by plaintiff,[1] the court finds the average monthly deposit to plaintiff's account during that relevant six month period is $15.00 and the average monthly balance is $0.19. The court therefore assesses an initial partial filing fee of $3.00, twenty percent of plaintiff's average monthly deposit. Any objection to this assessment must be filed on or before the date payment is due, and nonpayment of the initial fee assessed herein may result in this action being dismissed without prejudice.

*Initial Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this matter, plaintiff appears to challenge a Kansas Department of Corrections (KDOC) regulation concerning deductions from a prisoner's wages for room and board which was applied to plaintiff's gross wages from December 2004 through March 2008. Plaintiff maintains this deduction from his gross rather than net wages was not authorized by statute, and alleges negligence in the promulgation of the KDOC policy. Plaintiff seeks compensation plus interest for funds unlawfully withheld, and punitive damages. Plaintiff also seeks a broad ruling that state officials can be held responsible for such negligence and unprofessional acts.

Having reviewed plaintiff's allegations, the court finds this

---

[1]Plaintiff provides a copy of his inmate cash account journal at the Sedgwick facility through November 2009.

2

matter is subject to being summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

It is well established that § 1983 itself creates no substantive rights; it merely provides a remedy for deprivations of federal rights established elsewhere. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985). To sustain a cause of action based on § 1983, a plaintiff must establish that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and that the act or omission causing the deprivation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988).

It is also well recognized that § 1983 does not impose liability for violations of duties of care arising out of state tort law. DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989). To state a claim for relief under § 1983, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976). A negligent act of an official causing injury to life, liberty, or property does not violate the United States Constitution, thus absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). See Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

In the present case, plaintiff's allegations of negligence and requests for relief based on funds claimed to have been unlawfully

3

withheld encompass property claims appropriate for the state courts to any extent now allowed under state law, but they clearly raise no claim of constitutional significance for the purpose of proceeding under § 1983.  To the extent plaintiff states he is seeking prospective injunctive relief to prevent KDOC Secretary Werholtz from applying the challenged prison regulation, this request is subject to being dismissed without prejudice because it does not appear plaintiff is currently in KDOC custody.

**Notice and Show Cause Order to Plaintiff**

Accordingly, plaintiff is directed to show cause why the complaint should not be summarily dismissed as stating no claim for relief under § 1983.  The failure to file a response in a timely manner may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $3.00.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 22nd day of April 2010 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge