IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF KANSAS


**MICHAEL R. FAGAN,**
                                    **Plaintiff,**

            v.                                      CASE NO. 10-3063-SAC

**ROGER WERHOLTZ,**
                                    **Defendant.**


                              **O R D E R**

    Plaintiff, a prisoner confined in the Sedgwick County Adult Detention Center in Wichita, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983 to challenge a Kansas Department of Corrections (KDOC) regulation concerning room and board deductions from a prisoner's wages which was applied to plaintiff's gross wages from December 2004 through March 2008. Plaintiff maintains this deduction from his gross rather than net wages was not authorized by Kansas law, and alleges negligence in the promulgation of the KDOC policy. Plaintiff seeks compensatory and punitive damages, and a broad ruling that state officials can be held responsible for such negligence and unprofessional acts. Plaintiff also seeks leave to proceed in forma pauperis.

    On April 22, 2010, the court directed plaintiff to pay an initial partial filing fee of $3.00, 28 U.S.C.§ 1915(b)(1), and ordered plaintiff to show cause why the complaint naming KDOC Secretary Werholtz as the sole defendant should not be dismissed because plaintiff's allegations of negligence and violations of state law stated no claim for relief, 28 U.S.C. § 1915A(b).

    In response, plaintiff states he has no funds to pay the

initial partial fee assessed by the court the court. The court thus grants plaintiff leave to proceed in forma pauperis pursuant to § 1915(b)(4). *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff also maintains he should be allowed to proceed in this matter because he is alleging Secretary Werholtz intentionally and recklessly promulgated and applied KDOC regulations that were contrary to state law or pursuant to an unconstitutional state statute. Having reviewed plaintiff's pleadings, the court continues to find plaintiff's allegations state no claim upon which relief can be granted under § 1983, and concludes the complaint should be summarily dismissed.

Plaintiff's bare reference to "reckless" conduct is insufficient to avoid finding that plaintiff's allegations against Secretary Werholtz reflect at most a tort claim to be pursued in a state court to the extent allowed under Kansas law. *See* Daniels v. Williams, 474 U.S. 327, 328-31 (1986)(a cause of action in negligence is not cognizable under § 1983); Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action). Plaintiff's suggestion that this court should reconsider the holding in Daniels is rejected because this court is bound by that controlling Supreme Court precedent.

The court also remains convinced that plaintiff's claim of

funds being improperly withheld from his wages encompasses only alleged violations of state law. Plaintiff's allegation of erroneous deductions reflects no atypical or significant deprivation giving rise to a property interest protected by the Due Process Clause. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); <u>Cosco v. Uphoff</u>, 195 F.3d 1221, 1224 (10th Cir. 1999). Nor is it sufficient to establish that any private property of plaintiff was taken for public use without just compensation, for purposes of presenting a viable claim under the Takings Clause. *Compare* <u>Owens v. Sebelius</u>, 357 F.Supp.2d 1281 (D.Kan. 2005)(prison officials did not violate Takings Clause by deducting monthly supervision charge from inmate's trust account).

Accordingly, for the reasons stated herein and in the show cause order entered on April 22, 2010, the court concludes this action should be summarily dismissed without prejudice to plaintiff pursuing any relief that might be available in the state courts.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc 2) is granted, and that payment of the $350.00 district court filing fee proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief under 42 U.S.C. § 1983, and without prejudice to any viable claim that can be pursued in state court.

**IT IS SO ORDERED.**

DATED: This 3rd day of June 2010 at Topeka, Kansas.

    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge