IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL R. FAGAN,

                            Plaintiff,

        v.                                                CASE NO. 10-3063-SAC

ROGER WERHOLTZ,

                            Defendant.


**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. On June 3, 2010, the court dismissed the complaint without prejudice to any cause of action plaintiff might have in the state courts. Plaintiff filed a notice of appeal without prepayment of the $455.00 appellate filing fee. Plaintiff also filed a motion for reconsideration.

*In Forma Pauperis Status on Appeal*

The Tenth Circuit Court of Appeals recently held that independent determinations of indigence must be made when a prisoner files a civil complaint and when the prisoner then files a notice of appeal in a civil action. <u>Boling-Bey v. U.S. Parole Commission</u>, 559 F.3d 1149 (10th Cir. 2009). Accordingly, regardless of whether a prisoner was granted leave to proceed in forma pauperis in the district court, "a prisoner seeking to proceed *ifp* on appeal from a judgment in a civil action or proceeding must file a new motion in the district court together with a supporting affidavit and a certified copy of the prisoner's trust fund account statement for the six-month period immediately prior to the filing of the notice

of appeal" Id. at 1153. See 28 U.S.C. § 1915(a)(1)-(2).[1] The court grants plaintiff additional time to do so on a court approved form, see D.Kan. Rule 9.1(g)(court form to be used by prisoner seeking leave to proceed in forma pauperis), supported with the certified financial accounting required by 28 U.S.C. § 1915(a)(2).

*Motion for Reconsideration*

Plaintiff's motion for reconsideration filed on June 30, 2010, is construed by the court as a timely filed motion under Rule 59 to alter and amend the judgment entered in this matter on June 3, 2010. *See* Van Skiver v. U.S., 952 F.2d 1241 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992)(distinguishing Rule 59 motion to alter and amend judgment from Rule 60 motion for relief from judgment); Fed.R.Civ.P. 59(e)("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")(as amended effective

---

[1] 28 U.S.C. § 1915 reads in relevant part:
(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

December 1, 2009).

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. at 1012. Thus a Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. A party may not use a Rule 59(e) motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

In the present motion, plaintiff reiterates his claim that defendants were reckless and or negligent in promulgating a prison regulation that plaintiff claims is contrary to state law. However, the court continues to find this dispute over the lawfulness of prison regulations under *state* law, and the application of that regulation to plaintiff's wages, presents no factual or legal basis for any claim that defendants are violating plaintiff's rights under *federal* law, which is necessary to proceed under § 1983.[2]

Finding no showing of manifest error of fact or law, or of any other reason for modifying the judgment entered in this matter, the court denies plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20)

---

[2]*See e.g.,* Ellibee v. Simmons, 201 Fed.Appx. 612 (10th Cir. 2006)("Section 1983 provides a remedy only when the plaintiff is deprived of a right or privilege under federal law; it is not a vehicle for challenging whether a state prison regulation is authorized under state law.")(unpublished opinion cited not as binding precedent but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1).

days to submit an executed form motion for seeking leave to proceed in forma pauperis on appeal, supported by the certified financial record required by 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff's motion to alter and amend the judgment (Doc. 12) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of July 2010 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge